## PROPERTY RIGHTS GROWING OUT OF THE MARITAL RELATION.

Circuit Court of Cuyahoga County.

WILLIAM N. ASHBAUGH, RECEIVER, v. MARY A. McGILLIN ET AL.

Decided, June 26, 1905.

*Husband and Wife—Jurisdiction of Circuit Court as to Property Rights of.*

While the circuit court has no jurisdiction to dissolve the marital relation, yet in a case properly before it on appeal, it has full and complete jurisdiction to hear and determine all questions involving property rights growing out of the marital relation.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This case is here on appeal. The petition asks that certain lands be subjected to the payment of a judgment, that the liens on the lands be marshaled and said premises sold, etc. By subsequent pleadings filed in the case the action has become one in partition, as there are three heirs interested in the lands. It is conceded that the premises can not be divided into three parts, but must be sold and the proceeds divided after payment of liens upon the various interests.

Parties have agreed as to the marshaling of liens, but one issue remains for the determination of the court and that is raised in the following manner:

One of the three heirs has filed an answer in this court, since the appeal, in which he sets forth that a certain Ethel Howard, alias McGuire, claims to have some interest in said real estate as wife of another defendant, Vincent A. McGuire. He further avers that she is not in fact the wife of said McGuire, but asks that she be made party, required to answer, and on final hearing be adjudged to have no interest in said premises.

Ethel McGuire answered, claiming to be the wife of said Vincent A. McGuire, and as such entitled to dower in the premises and praying that upon sale thereof she be awarded the value of her contingent right of dower therein.

Vincent A. McGuire filed an answer denying the allegations in the answer of said Ethel McGuire.

When the case was called for trial counsel for Ethel McGuire desired leave to withdraw her answer and demur to the jurisdiction of the court. The court refused leave to withdraw said answer but entertained the demurrer, which is based upon the proposition that the issue involves the question of marital relations between said Vincent and Ethel over which the common pleas court has exclusive and final jurisdiction.

Overruling said demurrer for the time being, the court heard the evidence on the issue joined with said Ethel McGuire, from which it appeared to the satisfaction of the court that said Ethel Howard, alias Ethel McGuire, was never married to and was never the wife of said Vincent A. McGuire, and announced that it would so find as a fact. Said Ethel McGuire refused to introduce any testimony under her answer. It remains to announce our final ruling on the demurrer to the jurisdiction, so-called.

While the proposition stated by counsel for Ethel McGuire is sound, and this court recognizes that it has no jurisdiction to dissolve the marital relation, it is of the opinion that it has full and complete jurisdiction, in a case properly before it on appeal, to hear and determine all questions involving property rights

growing out of the marital relation.    We conceive the issue here made raises such a question and therefore overrule the demurrer.

Decree may be taken finding that said Ethel McGuire has no interest in the premises in question.